**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN COSTELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-CV-01856 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| AXTRIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kevin Costello was hired by Defendant Axtria, Inc., in September 2019.[1] R. 1, Compl. ¶ 11.[2] Costello alleges that he was let go in March 2020 after requesting an accommodation for chronic migraines. *Id.* ¶¶ 20–23. After filing an EEOC charge and receiving a right-to-sue letter, Costello brought this suit, alleging that Axtria violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by failing to make a reasonable accommodation (Count 1) and by firing him for discriminatory reasons (Count 2). Axtria moves to dismiss the complaint, arguing that Costello failed to exhaust his administrative remedies before bringing this suit. R. 8-2, Def.'s Br. at 1. For the reasons discussed below, Axtria's motion to dismiss is denied.

## I. Background

For purposes of this motion, the Court accepts as true the factual allegations in the Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as well as those in

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1331.
[2]Citations to the record are noted as "R." followed by the docket number.

Costello's response brief (to the extent they are consistent with the Complaint), *see Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). Costello was hired by Axtria in September 2019. Compl. ¶ 11. He suffers from chronic migraines. *Id.* ¶ 12. Costello told his supervisor about this condition soon after he was hired. *Id.* ¶ 14. Twice—once in November 2019 and again in January 2020—Costello's migraines caused him to miss work. *Id.* ¶¶ 15, 17. Costello asserts that his working conditions, including very long hours, triggered the migraines. *Id.* ¶ 18.

Throughout January and February 2020, Costello attempted, unsuccessfully, to develop a schedule with his supervisor that would allow him to complete his work without triggering his migraines. Compl. ¶¶ 18–21. Finally, in March 2020, Axtria fired Costello, purportedly due to budget cuts. *Id.* ¶ 22. Soon after, Axtria posted a job listing for a position that Costello claims is the "exact position" he held before he was fired. *Id.* ¶ 24. In June 2020, Costello filed an EEOC charge, alleging that Axtria had failed to offer him a reasonable accommodation for his migraines and that they had terminated his employment due to his disability. R. 1. at 9, Pl.'s Exh. A, EEOC Charge. In January 2021, Costello received a dismissal and notice of rights from the EEOC. R. 1 at 10, Right to Sue Letter. This lawsuit followed.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Rule 12(b)(6) versus Rule 12(c)

Invoking Civil Rule 12(b)(6), Axtria moves to dismiss on the grounds that Costello failed to exhaust his administrative remedies before bringing this suit. Def.'s Br. at 1. In response, Costello asserts that, because exhaustion of remedies is an affirmative defense, a Rule 12(b)(6) motion is not the proper time to raise that issue. R. 11,

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Pl.'s Resp. at 2. He is right. The failure to exhaust administrative remedies is an affirmative defense. *See Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). And affirmative defenses are a poor fit for consideration under Rule 12(b)(6) for two reasons. First, "a plaintiff may state a claim even though there is a defense to that claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Second, affirmative defenses typically require consideration of facts not available to the court at the pleading stage. *Id.*

Having said that, when a court has the necessary facts to rule on an affirmative defense at the outset of a case, the court may consider that defense under a Rule 12(c) motion for judgment on the pleadings. *Brownmark Films*, 682 F.3d at 690. When presented with this situation, a court can construe a Rule 12(b)(6) motion as a Rule 12(c) motion. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020). The key is whether discovery or other factual development is needed; if yes, then the affirmative defense must await presentation via a summary judgment. If not, then the court may proceed under Rule 12(c). In that circumstance, the defendant bears the burden of showing that the affirmative defense would "conclusively defeat[] [the claim] as a matter of law." *Id.* And on a Rule 12(c) motion, as on a Rule 12(b)(6) motion, the facts are construed in the light most favorable to the nonmovant. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989).

Here, neither side contends that discovery is needed to resolve the exhaustion defense at this stage of the case, so the Court will treat the dismissal motion as a Rule 12(c) motion for judgment on the pleadings. The Court must view the facts in

the light most favorable to Costello, and ask whether Axtria has shown that Costello's complaint is "conclusively defeated" by a failure to exhaust administrative remedies. *Gunn*, 968 F.3d at 807.

## B. Exhaustion of Administrative Remedies

Under the ADA, "a plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (cleaned up). "Claims are 'like or reasonably related' when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* (cleaned up). "The charge and complaint must, at minimum, describe the *same* conduct and implicate the *same individuals*." *Id.* (cleaned up) (emphases in original). Having said that, because EEOC charges are generally filed by nonlawyers, they are construed liberally, and a "plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Costello's administrative charge alleged that he was hired in September 2019; he was an Associate Director of Commercial Excellence; he had a disability of which Axtria was aware, but failed to provide an accommodation; and Axtria discharged him in March 2020. EEOC Charge. Although not a model of detail, the EEOC charge reasonably relates to the conduct now alleged in the lawsuit, namely, that Costello

was denied a reasonable accommodation and then was discharged because of his disability. The Charge was sufficient to prompt an attempt to resolve the matter through conciliation and to put Axtria on notice of the charged conduct (failure to accommodate and the firing), which are the two major purposes of an EEOC filing. *Cheek*, 31 F.3d at 500. The claims in the now-filed lawsuit could "reasonably be expected to grow" out of the EEOC Charge. *Chaidez*, 937 F.3d at 1004. So the Charge is sufficient to meet the exhaustion requirement.

The cases cited by Axtria are distinguishable from the case at hand. *See* Def.'s Brief at 5. For example, in *Cheek*, the employee's administrative complaint alleged that she was required to pay clients' insurance premiums, while male employees were not. 31 F.3d at 502. In her suit, she made the new allegation that she was given a less profitable sales route because of her gender. *Id.* This mismatch in the targeted conduct not surprisingly resulted in a failure to exhaust the sales-route claim. But Costello's complaint, unlike the complaint in *Cheek*, contains no new allegations.

In *McGoffney*, the plaintiff applied for no fewer than six separate positions over the course of two years. *McGoffney v. Vigo Cty. Div. of Fam. & Child., Fam. & Soc. Servs. Admin.*, 389 F.3d 750, 751 (7th Cir. 2004). Indeed, the plaintiff's EEOC charge included *10* different times that she was denied a job offer. *Id.* at 752. The Seventh Circuit held that, given the multiple applications, her claims that she was denied "jobs" on various "occasions" were not specific enough to put either the EEOC or her employer on notice of which applications formed the basis of her claims of discrimination. *Id.* Costello's complaint, in contrast, does not involve job applications to

multiple jobs, leaving the employer to guess which is at issue. Instead, Costello's EEOC Charge alleges a failure to accommodate and his firing.

The next case is *Battle v. Aldi, Inc.*, 2016 WL 6135731 (N.D. Ill. 2016). It too does not help Axtria. In *Battle*, like *McGoffney*, there were multiple separate instances of alleged discrimination—including three other times when White male employees were alleged to have been promoted over Battle, a Black woman, for discriminatory reasons. *Id.* at *2. The district court held that Battle's EEOC charge exhausted her remedies only for the promotion she was denied during the time period identified in the EEOC charge. *Id.* Another employee was promoted instead of Battle five years before the time period that Battle mentioned in her EEOC charge, and a third employee was promoted after the EEOC charge was filed—the court held that Battle had not exhausted her claims as to those two promotions. *Id.* at *2–3. None of this parallels Costello's claims. The EECO Charge here did not contain a time limit that Costello is now trying to expand; there is no five-years stale claim; and the complained-of conduct in the lawsuit did not happen after the EEOC Charge was filed.

Lastly, Axtria cites *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir. 1992). This case actually cuts *against* Axtria's argument. The plaintiff in that case submitted a "rather brief and very general" EEOC charge that "made specific reference to her termination." *Id.* at 1110. The Seventh Circuit held that she had exhausted her remedies on her termination, as well as three additional charges, some of which were supported by an affidavit. *Id.* at 1110–11. What did not survive was the charge's vague reference to racial harassment. *Id.* at 1112. Neither Costello's EEOC Charge

nor his Complaint contain vague allegations of harassment. Instead, Costello submit-ted a "rather brief and very general" EEOC Charge that nonetheless "made specific reference" to Axtria's failure to accommodate and to his termination. *Rush*, 966 F.2d at 1110; EEOC Charge. Like Rush, Costello has exhausted his remedies as to those claims, so may proceed with them.

Finally, Axtria's dismissal motion focuses on the failure-to-accommodate claim rather than the discriminatory-termination count. *See* Def.'s Br. at 4–6. In response, Costello at times refers only to accommodation claim, *see* Pl.'s Resp. at 3, but other times does refer to the termination as well, *id.* at 5 ("Whether the request for an accommodation was 'reasonable' or the termination was pre-textual are questions of fact …."). Axtria labels this an "acknowledg[ment]" that Costello only intends to pro-ceed on the accommodation claim. R. 12, Def.'s Reply at 4 n.1. But Costello has not voluntarily dismissed the termination claim nor explicitly disavowed it. Costello's EEOC Charge referred directly to his termination and listed the date of his termina-tion as the last act of discrimination. *See* EEOC Charge. So, at least at this point, the termination claim remains intact.

## IV. Conclusion

Axtria's motion to dismiss (construed as a motion for judgment on the plead-ings) is denied. Axtria shall answer the complaint by December 13, 2021. The track-ing status hearing of November 19, 2021, is reset to December 17, 2021, at 8:30 a.m.,

but to track the case only (no appearance is required). Instead, the parties shall pro-

pose a discovery schedule in a status report due on December 13, 2021.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: November 17, 2021